UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | CV No. 1:17-cv-00359-BLW |
|---|---|
| Plaintiff/Respondent, | CR No. 1:15-cr-00022-BLW-14 |
| v. | MEMORANDUM DECISION AND ORDER |
| HORACIO LINARES, | |
| Defendant/Movant. | |

# INTRODUCTION

Pending before the Court is Defendant/Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Civil Dkt. 1; Crim. Dkt. 531. For the following reasons, the Court will deny the motion without a hearing.

# BACKGROUND

On February 25, 2016, Defendant/Movant, Mr. Linares plead guilty to one count of Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(c), 846 (Count One). Crim. Dkts. 1, 413, 414. At sentencing, the Court calculated Mr. Linares' total combined offense level of 32 with a Criminal History Category of IV. As such, Count One carried a guideline range of 168-210 months of imprisonment.

On March 8, 2016, Defendant filed a motion to withdraw his guilty plea. An evidentiary hearing was held on September 7, 2016 and this Court denied Mr. Linares' motion finding that Mr. Linares "participated in his plea negotiations, and willingly

signed a plea agreement he understood." Crim. Dkt. 497. Mr. Linares fully reviewed the agreement in Spanish and with an interpreter. *Id.* Although he "ultimately received a recommended base offense level he did not want, [that alone] is not grounds for withdrawal of the guilty plea." *Id.* at 3. On November 1, 2016, Defendant was sentenced to 120 months. Crim. Dkt. 512.

Mr. Linares now challenges the constitutionality of his sentence on numerous grounds, including ineffective assistance of counsel and due process claims. Crim. Dkt. 531 at 3; Civil Dkt. 1 at 3. Mr. Linares argues he received ineffective assistance of counsel and, had he not relied on false information provided by his attorney, he would not have pled guilty. Mr. Linares further argues that the Court's denial of his request to withdraw his guilty plea was erroneous.[1] Crim. Dkt. 531 at 4–9; Civil Dkt. 1 at 4–9.

## LEGAL STANDARD

**1. Section 2255 Standard**

To state a cognizable claim under 28 U.S.C. § 2255, a movant must assert (1) that he or she is in custody in violation of the Constitution or laws of the United States, (2) that the district court lacked jurisdiction, (3) that the sentence exceeded the maximum allowed by law, or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). In detraining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if

---

[1] Mr. Linares also requests that counsel be appointed to assist him in seeking post-conviction relief. There is no constitutional right to counsel during postconviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[A] defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction…he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process"); *Martinez v. Ryan*, 566 U.S. 1 (2012) ("the general rule [is] that there is no constitutional right to counsel in collateral proceedings.") (citing *Coleman v. Thompson*, 501 U.S. 722 (1991)). This Court will not appoint counsel to assist Mr. Linares in obtaining post-conviction relief.

**MEMORANDUM DECISION AND ORDER -** 2

true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district judge may dismiss a § 2255 motion "[i]f it plainly appears from the fact of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief."

### 2. Ineffective Assistance of Counsel Standard

The well-established two-prong test for evaluating ineffective assistance of counsel claims is (1) deficient performance and (2) resulting prejudice. *See Strickland v. Washington*, 466 U.S. 668 (1984). More specifically, to prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 697; *see also Bell v. Cone*, 535 U.S. 685, 695 (2002). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

In order to establish deficient performance, a defendant must show that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result[;]" or that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 686-87. Under the performance prong, there is a strong presumption that counsel's performance falls "with the wide

range of reasonable professional assistance." *Id.* at 689. The presumption exists for the reason being that, for the defendant, "[i]t is all too tempting ... to second-guess counsel's assistance after conviction or adverse sentence...." *Id.* For the Court, "it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (discussing *Strickland*).

In order to establish prejudice, a defendant must affirmatively prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. The *Strickland* standard is "highly demanding." *Kimmelman v. Morrision*, 477 U.S. 365, 381-82 (1986).

Both deficient performance of counsel and prejudice must be found before a district court will find that a conviction or sentence "'resulted from a breakdown in the adversary process that render[ed] the result [of the proceeding] unreliable' and thus in violation of the Sixth Amendment." *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005) (quoting *Strickland*, 466 U.S. at 687). If either element of the two-part *Strickland* test is not met, then a defendant has not met his or her burden.

## ANALYSIS

**1. Defendant is procedurally barred from re-litigating entry of his guilty plea.**

Mr. Linares argues he relied on advice from his counsel that allegedly misstated the potential sentencing and defenses and therefore the plea was not knowing and voluntary. However, this Court has already determined that Mr. Linares' entry of guilty plea was knowing and voluntary. *See* Order on Motion to Withdraw Plea of Guilty, Crim. Dkt.

#497. Mr. Linares was provided a copy of the plea agreement which had been translated into Spanish. *Id.* Only one sentence was redacted from that agreement, at the request of Mr. Linares. *Id.* Mr. Linares then signed the plea agreement and by doing so acknowledged: (1) that the agreement was read to him by an interpreter; (2) that he carefully reviewed every part of the agreement with his attorney; (3) that he discussed all of his rights with his attorney; and (4) no that promises or inducements had been made to him. *Id.* Furthermore, at the plea hearing Mr. Linares stated, under oath, that he had discussed the agreement with his attorney. *Id.*

Mr. Linares' argument attempts to re-litigate the denial of his motion to withdraw his guilty plea. Mr. Linares has not brought forth any new or additional facts that entitle him to relief. Accordingly, Mr. Linares' motion is denied as to his argument that he involuntarily entered the plea agreement.

**2. Defendant did not receive ineffective assistance of counsel with regard to punishments and defenses.**

Mr. Linares' ineffective assistance of counsel claim is a variation of his arguments regarding the voluntariness of his plea. He alleges that his attorney failed to accurately describe the potential sentences, defenses, and mandatory minimums that Mr. Linares faced. Furthermore, Mr. Linares alleges that his attorney failed to adequately describe whether Mr. Linares was entitled to a downward departure. Crim. Dkt. 531 at 4–9; Civil Dkt. 1 at 4–9. However, these are conclusory allegations belied by the detailed record created at the time of Linares's plea. Mere conclusory allegations are insufficient to support a claim for ineffective assistance of counsel. Mr. Linares has failed to meet his burden to establish his attorney's conduct fell below the standard required by the Sixth

Amendment. Additionally, Mr. Linares presents no evidence that shows resulting prejudice to the defendant because of counsel's conduct. As discussed above, Mr. Linares knowingly and voluntarily entered into the plea agreement. Accordingly, Mr. Linares has not met his burden of establishing ineffective assistance of counsel.

### 3. Defendant is not entitled to Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Cases requires that in such cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The standard for issuing a certificate of appealability is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To meet the threshold inquiry, the Ninth Circuit instructs that the movant "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (internal citations omitted). Even if a question is well settled in our circuit, a constitutional claim is debatable if another circuit has issued a conflicting ruling. *See id.* at 1025-26.

Mr. Linares has not demonstrated the denial of a constitutional right or that reasonable jurists would find Mr. Linares' claims debatable. Therefore, the Court will not

grant Mr. Linares a certificate of appealability.

## ORDER

**IT IS ORDERED:**

1. Defendant/Movant's Motion to Vacate, Set Aside, or Correct Sentence (Dkt. 531) is **DENIED**.

2. Defendant/Movant is **DENIED** a certificate of appealability.

DATED: March 27, 2019

_____
B. Lynn Winmill
U.S. District Court Judge